next case on our calendar is agenda number nine case number 106 934 people of the state of Illinois versus Andre Holmes just we'll just let it settle down just a little I want you to have full attention you may proceed good morning your honors assistant public defender Eileen Paul on behalf of the defendant Andre Holmes this court should reverse the appellate court and dismiss this appeal because the trial court had no jurisdiction to entertain the state's untimely motion to reconsider the state here filed a motion in limine seeking the admission of other crimes evidence the trial court denied that motion after a hearing held on June 10th 2004 the state did not move to reconsider nor file a notice of appeal within 30 days of that ruling instead they waited almost two years until May 30th 2006 to file a motion to reconsider that motion to reconsider recited the same facts which had been discussed at the 2004 hearing after that motion to reconsider was denied the state filed a certificate of substantial impairment under rule 604 a1 interlocutory pretrial orders are appealable when entered when they suppress evidence and they may not be re-litigated unless there is a timely motion to reconsider this court has fashioned an exception to the timeliness rule in the so-called Taylor rule which does allow the trial court to correct itself in light of new facts however the Taylor rule restricts that situation to a change in facts which are material to the decision on the original motion and which could not have been presented at an earlier time with the exercise of due diligence the Taylor rule is related to the doctrines of res judicata collateral estoppel and law of the case but is a separate and discreet doctrine the rationale behind the Taylor rule is to prevent tardiness and promote finality so that the litigants may make reasonable tactical decisions to prepare for trial the Taylor rule is designed to be a very limited rule and states that the exception shall not swallow the rule here the appellate court's opinion did not properly apply the Taylor rule and has allowed that exception to completely swallow the rule the state originally in its motion in limine cited as new new motion to reconsider cited as new facts the fact that the defense had located some impeachment material against the complaining witness however this was no change in facts that states 2006 motion to reconsider recited the same facts which defense counsel had referred to in the hearing in 2004 namely that the defense had reason to believe that it would be able to impeach the complaining witness with a prior false allegation of rape against an NFL football player for the Cleveland Browns and that the allegation occurred in the context of a child support settlement those were the same facts the state recited in 2006 and as in this court's previous opinion in Williams where the recited in a motion to reconsider were the same as were in the transcript of the hearing on the original motion that did not fall within the Taylor rule in addition the state here showed absolutely no diligence in locating that impeachment material the defense representations in 2004 identified a Cleveland Browns NFL player the defense subsequently filed a motion for and specifically mentioned Cuyahoga County Cleveland Ohio the state was put on notice here and they did nothing more than wait until the defense located the documents that is no diligence whatsoever moreover the impeachment material alleged by the state here to constitute new facts was not material to the trial courts original decision on the motion in limine the law has long been well settled that the that other crimes are not admissible for the purpose of bolstering the credibility of a prosecution witness yet that is it precisely the purpose for which the state here claims this material was essential and sought to open the other crimes because the it didn't simply to hear the state did not meet any of the requirements under the Taylor rule the appellate court sua sponte pointed to the fact in the rocker which the state had not argued and claimed that to be new newly discovered facts the appellate court pointed to the fact that the complaining witness three months after the original motion limine in a discovery response attested that she had made no previous allegations of rape this the state's reliance on that here has been waived as they never raised it in the trial court nor in the appellate court below in any event as the dissent in the appellate court pointed out that related to the very same subject matter as had been discussed at the original hearing which was the substance of this prior false allegation of rape moreover there was no showing of diligence as that discovery response was filed a full 20 months before the state's motion to reconsider it seems the state is making a broader argument that the Taylor case doesn't even apply because of the that's dealing with constitutional rights motions to suppress set aside an arrest warrant and the like would you comment on this I will thank you your honor the state here for the first time has argued that the this court should abandon the Taylor rule but it appears from the state's brief that the real quarrel is not with the Taylor rule per se because the Taylor rule itself does allow the trial court to correct facts when facts change the real argument here is with the due diligence requirement and we would it would be our position that the state should be held to a due diligence requirement when they want to reopen a ruling for the reasons that the Taylor rule to prevent tardiness and to promote finality also with respect to the state's argument about a distinction between motions to suppress and motions in limine these are old arguments which this court resolved in people versus drum by holding that for the purposes of an interlocutory pretrial appeal under 604 a1 motions and limine were to be treated the same as motions to suppress if this state does not want to abide by the Taylor rule because motions and limines and motions to suppress are so radically different we would suggest that this court overruled people versus drum and not allow the state to appeal motions and limine under 604 a1 we recently entered issued an opinion I think within the last few weeks people versus marker would that have any impact on this case people versus marker involves timely motions to reconsider and that that opinion addressed whether once you've timely got in the door within 30 days whether you would be allowed to the time told so that the trial court could have adequate time to consider a motion to reconsider this case My dissent mainly centered around that it allowed the state to drag cases on by keeping it open while the defendant could not get a trial. Would that have any impact? Those concerns are even more present here because we are not talking a timely motion to reconsider as was the case of marker but we're talking an untimely motion to reconsider the state here argues for an absolutely open-ended no curb no showing necessary to bring a motion to reconsider at any time they wish that obviously has serious implications both for defendants who are held in custody such as Andre Holmes who could not make bail and also it impairs the truth-seeking function of the trial because the delay does affect locating witnesses and and many of the other aspects of a trial both the tardiness and the lack of finality so I do think many of the concerns that motivated that debate are present here I would also like to note with respect to the state's argument about the Taylor rule is that the Taylor rule was established in 1971 this court revisited and in an explanatory opinion in 1990 in people versus Williams and since that point there have been very few reported cases applying the Taylor rule and even fewer addressing the due diligence the state claims that Taylor rule is a draconian burden on the prosecutors of this state empirically if that were true there would be much more reported litigation on this the rule was designed to be a limited exception and it apparently has been working it was appealable under people versus drum because it was a motion in limine and the state could have appealed that order by filing a certificate of substantial impairment at that time so it was fully appeal it and two years later changed their mind but they could have appealed it back then which obviously added two years to this case and the pretrial delay the other grounds the state has raised for the first time in its brief in this court as an additional new fact is the defense in this case invoking a the state has waived this argument because they have not raised it up until this forum in any event the state cannot show that the defense invoking a consent defense in 2006 was a new fact in the state's original motion limine in 2004 they stated that a consent defense in the case was all but inevitable and the defendant had no choice but to raise a consent defense in this case given that the parties were acquainted and there was a DNA match when the trial court fully considered a consent defense in the litigation in 2004 that simply was not a change in 2006 nor would that be a material to the trial court's ruling on the motion limine in this case because in this instance the prior offense sought to be admitted the state has not submitted any facts to show that the prior offense involved the consent defense the prior case indeed the prior case defense counsel stated that Andre Holmes pled guilty after spending 20 days in jail and the complaining witness in that case subsequently withdrew the order of protection married Andre Holmes and had two children with him under the there's simply no basis in the record for the state to assert that there is a similarity between that 94 case and and the invocation of a consent defense in this case we would urge this court to strictly apply the Taylor rule because it does ensure that cases are brought to trial and it prevents games playing by the state and make sure the state does not abuse its power with respect to the substantial impairment if the state has the right to appeal an order and to file a certificate of substantial impairment and decides to forego that opportunity the presumption should be that the state was not substantially impaired and it should have to meet the burden of due diligence if it wants to come back in and a burden of showing a change in facts and not simply hindsight or or a different opinion as to the weight of their evidence we would request that this court reverse the appellate court dismiss this appeal and remand for trial unless your hunters have any other questions we'd also request in the alternative that this court reverse the appellate court ruling that the trial court abuses discretion by barring the 1994 conviction which was too remote too prejudicial to be admitted as other crimes evidence. Thank you. Thank you once again Assistant State's Attorney Mary Boland on behalf of the people Mr. Chief Justice and may it please the members of the court and counsel I need to get two things straight before I begin my argument on jurisdiction. First of all the defendant argues waiver here. I'm the appellee in this court the defendant's all cite the state as the appellant in the court and so Holloway, Oswald, McGadrian all address the state as an appellant and as the appellee I may argue to sustain the appellate courts judgment on any basis that's supported in the record. So that's the first issue. The second issue is the Taylor issue. The defendant states here today and also at page 10 of his reply brief that for the first time the people argue that the Taylor rule shouldn't apply to this case. In the appellate court on February 21st 2007 defendant filed a motion to dismiss this appeal arguing Taylor and Williams. I responded on 226 2007 I said that the proper governing rule was the one that permits the trial court to reconsider evidentiary rulings at any time in paragraph 18 of that response. On March 2nd 2007 the appellate court denied their motion. On April 4th 2007 they filed their responsive brief and asked the appellate court to reconsider that as argument one and on June 12 2007 I filed a reply brief I made the same exact argument that neither Taylor nor Williams should govern and instead the trial court has the inherent power to reconsider its evidentiary ruling. So it's certainly not for the first time in this court but even so I'm the appellee and so I'm certainly not foreclosed from doing that. Now with regard to jurisdiction there are two components to a 604 a appeal. It is true as the court in drum in 2000 said that where the substantive effect of an order either suppressing evidence or excluding evidence is the same they're both eligible for appeal under 604 a but that's only the first component to the appeal. The second is it has to have the effect of substantially impairing the prosecution of that case and this court has made distinctions based on the nature of the order and the timing of seeking review in the appellate court between those two types of orders. So the defendants view that drum resolved that is not true because for example in flat which was the companion case to Young back in 1980 this court found that once a trial begins because of the burdens because of the fairness issue because of judicial economy the state can only appeal those types of orders related to the illegal suppression of evidence but not ordinary evidentiary rulings and then the other thing that the state could appeal was whether the court had the power to enter that particular rule as a corollary but the point is this court has made and it's up to this court 604 a is a rule that enables the people to appeal and it's up to this court's construction and this court has always considered fairness to the parties both people and defendant as well as judicial economy. So there's greater flexibility to appeal pretrial based on the nature of the order than there is once trial begins and similarly I've argued in the appellate court and I argue here again that this court should find that it promotes fairness and judicial economy to favor reconsideration at the trial court when facts and circumstances change that directly affect the probative nature of the evidence or to correct an erroneous or unjust orders and that's because unlike motions to suppress which are based on the legal nature of the evidence, evidentiary rulings entered in the ordinary course of ongoing discovery in a pretrial context are necessarily subject to reconsideration. A court could choose to reserve a ruling. A court could choose to enter a ruling when the evidence becomes more ripe for its ruling. But when the court does make an evidentiary ruling, it is always subject to the changed facts and circumstances that come through the pretrial proceedings and certainly where it's erroneous or rendered unjust by other pretrial rulings, the court has to have the inherent power to reconsider. This court said in Mink, this court said in Enos in 1994 that a trial court has the power to modify its rulings as long as the case is pending before it. It's not obligated to do so but it has the power to do so and that of course is consistent with policies that favor correcting at the trial level. So is it the police report Ms. Bowen that makes this new evidence? That's what the appellate court found. The appellate court found that it was the filing of the discovery and I find it interesting the defendant argues here about the time frame. On May 30th, 2006, the defendant was still filing discovery, his discovery, and the defendant filed his answer for the first time. This is not a case of dilatory conduct. This is not a case that there's some sort of scheme or some time waste by the state. The state filed its motion to reconsider the same day as the discovery, as the answer was filed. The defendant heard the case the same day without objection by any of the parties. The court reopened and considered it and the court entered its ruling on May 30th, 2006 and we filed a notice of appeal on June 2nd, 2006 with a certificate of substantial impairment. So the point is when I back up with regard to Taylor, the Taylor rule that has been modified by Williams and again by Heil over the course of time, but I just call it all the Taylor rule, the Taylor rule was developed in the context of suppression type orders. The probative nature of the evidence is irrelevant to a suppression order. And so what Heil did was adopted the finality of judgment time frame of 30 days and said you have 30 days to appeal, but you can also file a motion to reconsider within that same 30 day time frame. Well, think about when discovery is ongoing in a pretrial context of a case and an evidentiary ruling has been made. This, if you apply Taylor what was so different about the initial hearing, the allegations by the victim of rape by a pro football player, all those allegations, and then later getting what the appellate court called new evidence in the police report? Well, your honor, the... This isn't a case of splitting hairs, is the information that the state had at one time and then later had it another time? This is about the second component of 604A. The state has a responsibility, just as we, this court in Young said, we are going to rely on the good faith of the prosecutor to determine when an order substantially impairs prosecution, the converse has to also be true. This court has to rely on the good faith of a prosecutor when it determines that yes, in 2004, the court removed one arrow from the quiver of the state in terms of what it could prove. It still had the responsibility to prove aggravated criminal sexual assault. It had physical evidence. We had vaginal trauma. We had threats. We had a victim who has eyewitness testimony. That's 2004. In 2006, when the defendant files his answer, an answer of consent means you explain away the physical evidence of sexual trauma. You explain away the physical evidence of DNA. You explain away the physical evidence of sexual contact. Now we have J.B.'s testimony, but now the defendant has filed a police report and claims that simply the filing of a police report that she has made a claim of a sexual assault in Ohio in 1995 means that she's a false allegator. Well, now if you look at the state's case, the state is looking at this and says, wait a minute, this, when you file a consent defense that increases the quantum of the probability of evidence of the defendant's criminal intent, we could imagine in 2004 that he might, but he also might have filed an alibi defense. He might have filed a reasonable doubt defense. He might have filed a number of things. He chose to file an answer that said I'm going to rely on consent, and by the way, I'm going to destroy your victim in the process. I'm going to use the propensity statute as a shield for myself, which is what the 2004 order would have allowed, but I'm also going to allow propensity evidence to be used as a sword against this victim. I'm going to say she's a false allegator simply on the basis of this report, but we are not going to let the defendant be a sex offender with three prior convictions, one of which we did not offer as other crimes evidence, but two of which we did ask for other crimes evidence. If we are going to have two components to 604A, then the second component has to be that the prosecutor looks at that quiver and says, guess what? My arrows are gone. This is an erroneous ruling. The probative nature of the evidence increased. It didn't decrease with the filing of 2006. When you file your answer of consent, that increases it. If anything, it certainly doesn't decrease it, and so we asked the court at that time to reconsider, and the court said, you know, I have an inherent, I believe that other crimes evidence is inherently against the presumption of innocence, but I think that the victim can be impeached with the fact that she made this police report. It is the 2006 order that substantially impaired this case, and that's the second component. That's when the second component of 604A becomes available, and that's why this appeal was filed after that time. A prosecutor, and this court has said several times that not every evidentiary ruling is going to be, that goes against the prosecution, is or should be appealable. It is only in those cases where it substantially impairs the prosecution's opportunity to proceed. That is what happened in the 2006 order, the combination, and it was that combination that the appellate court disagreed with the state that the quantum of evidence increased. They found the flip side, that the prejudicial risk of the other crimes evidence decreased, and therefore they decided the case as an exception to the Taylor rule, because they were still looking at this, fitting this case into this due diligence requirement, but the due diligence requirement makes no sense whatsoever when you're in ongoing discovery, where the whole purpose of discovery is to find new facts, evaluate them, and then file them if you think it benefits your case. All that the Taylor rule, 30 days, and even with this due diligence exception causes, is the person who is the proponent of evidence, such as this evidence in the motion in Lemonade to allow other crimes, will try to wait until the end of the pretrial process, because they'll be afraid, what if new facts come in, and they'll claim I didn't engage in due diligence to bring those facts forward to the court? But the opponent of this evidence, in this case the defendant, he's going to try to get a ruling as early as possible, because then he can say, you know, Your Honor, the 30-day period has passed, and we can claim that they should have known that this evidence was out there, and because we're the ones that filed it, they don't get to ask you to reconsider your ruling, even though that ruling becomes unjust in the context of the other rulings of the trial court. It has to be that in evidentiary rulings, a trial court has the inherent power to reconsider, and that's exactly what this court did here. Now it made the wrong ruling. Is that your same response, Ms. Bowen, to what the dissent talks, in terms of due diligence, that the state could have acquired this police report? Yeah, the dissent in this case, and it's adopted by the defendant, says that the state should have been able to get this information, and I pointed out, I think Fields and Stokes are the two cases that the defendant cites in his brief, and I mean, we're talking about a criminal offender, whether national databases or state databases or NCIC information that is out there that the state can get. This is a victim of a crime who may or may not have made a report, and so what does the state do? And by the way, that's why I argue that this wasn't an offer of proof in June of 2004. This was a lot of hyperbole by defense counsel, which might be allowable in the concept of zealous advocacy, but the point is, three months after that hearing, he files discovery to go fishing to find out whether any reports actually exist, and in 2006, he said, well, we believe some report or some allegation existed. That's very different from an offer of proof, but in any event, the point is, the court in 2004 made its ruling based on the other crimes evidence that was offered for many different reasons, but as that quantum of evidence increased, that was a matter of the ongoing discovery, so due diligence is already, to overlay a due diligence requirement of Taylor onto the ongoing diligence required in the discovery period during pretrial proceedings makes no sense. A court is ample power to deal with the dilatory nature of behavior of any party in discovery. That didn't happen here. No one challenged any issue with regard to discovery, and in fact, the discovery being filed in 2006 was the defendant's discovery. It wasn't more discovery by the people. It was the defendant's answer. Defendant has never raised these claims. It was the dissent who said, well, I think Taylor applies, and I think there's a due diligence requirement, and you had to squeeze into that due diligence requirement, and that's where defendant has adopted that notion. My argument is Taylor was designed to deal with the types of orders that were suppression orders, and just as this court has extended flexibility in a pretrial context based on the nature of the order, and, you know, it's not a novel argument. Both McGee and Daryl Childress apply that same flexible standard. McGee, defendant argues, is a case that was decided pre-Drum, but Drum doesn't deal with reconsideration motions, but Daryl Childress is a very similar procedural case, and in Daryl Childress, again, that's a 604A state appeal. In that case, the court did reverse one of the two other crimes' convictions, and in that case, the court said we can't see in the record whether there's going to be a consent defense or that a consent defense has been raised, but if it is, because pretrial rulings are reconsiderable at any time, the state is entitled to go back and ask the court to reconsider if that defense is raised, and that's what we're saying here. When that defense came in, when this new evidence came in, it did change the quantum of the probability of this case. And when that happens, that second component of 604A, the burden is on the prosecutor. Is this case, is this set of orders now making it substantially impaired my ability to prosecute the case? And at that point, that's when the prosecutor came to the reviewing court and asked that the order be reviewed. And I think that that's exactly, the defendant's argument here would take that power away from the prosecutor and simply have the first component of 604A apply. If the nature of the order is such that it's either exclusionary or suppression, you've got to appeal right away or you lose your window forever, unless you can fit within this Taylor limitation. But Taylor was never designed for ongoing pretrial discovery. And that's why the people are asking, not that you abandon the Taylor rule entirely, but that you adopt a more flexible rule when discovery is pending and the nature of the order is evidentiary, and the prosecutor has not certified that there is a substantial impairment, because the converse of certification must also be true, and that is the non-certification means that that second component of 604A has not kicked in. And it's when that second component of 604A has kicked in, that's when the time for appeal begins to run. That's when the 30-day period begins to run. And in this case, we were well within that 30-day period. With regard to the merits, just very briefly, I would say that the appellate court said the nature of the conduct, the intent even of the 1994 case, proximity in time. We did ask that the incarceration, the defendant was incarcerated between 1996 and 2001 for the case, the second case, the case that didn't come in. But we asked at that time to exclude it as derailed child service allows. The appellate court found that regardless whether you excluded the time or whether you didn't exclude the time, if you didn't exclude it, it was about a nine-year period. If you did, it was a little less than a three-year period. Nonetheless, proximity was well close enough under this court's ruling in Donahoe, which is 12 and 15 years, and also Davis, which was 20 years. There were many, many similarities. Donahoe says for the statute, it simply has general similarity requirement. But as the similarities increased, so did the prerogative value. Defendant wanted a sexual relationship with these women. They were both acquaintances. We refused. He raped them. He used force to immobilize them. Both of them were assaulted at knife point or knife threats. He brought them to his parents' home, in one case to his mom's, in one case to his dad's. And it is not true that consent is being raised for the first time again here on appeal. If you look at the motion to reconsider, the prosecutor states that he's been telling people that he's been accused of this in consent cases before. And so there are two or three references at that motion with regard to consent. There was also medical documentation, as the appellate court found. So clearly, all of these factors. The one factor which the appellate court found on other relevant crimes, other relevant facts and circumstances, which is the third factor of the appropriate prejudicial balancing test, the appellate court found that it was her Ohio rape report from 1995. And I have to point out to the court, it is relevant to trigger the probative prejudicial nature reexamination, but it's not a subsection C factor. The subsection C factor goes to the evidence of other crimes. And what is proved by other crimes is the defendant's tendency to act within his character, his intent, his propensity. Not whether one can impeach or not impeach a witness in the case. So to that extent, I think the appellate court, to use a phrase that's been used here this morning, kind of mixed apples and oranges. But nonetheless, the appellate court was absolutely correct that no reasonable person would have excluded the 1994 conviction. So we're asking this court to affirm the appellate court's decision, which was to reverse the circuit court's decision and remand this matter for further proceedings. Thank you. Thank you, counsel. Hello again, your honors. With respect to the state's argument about waiver, I will point out that they were the appellant in the appellate court and not the appellee. So they did not have the full reign to rely upon the trial record as they would if they were an appellee all the way through these proceedings. With respect to the Taylor rule, the state keeps asking this court to repeal the Taylor rule. However, the state does not acknowledge that absent the Taylor rule, the common law doctrines of race judicata, collateral estoppel and law of the case would apply as discussed in People v. Williams. And we would ask that if that those doctrines be applied to bar the state's appeal in this matter, as it would be deficient under those as well. The state claims that motions to suppress are inherently different from evidentiary rulings, and thus the Taylor rule should be limited only to motions to suppress. The state claims that in an evidentiary ruling, the court can choose at whim to suppress an evidentiary ruling at any time, and that it is impossible for the court to balance probative value and prejudice prior to trial. This court has recently rejected those contentions in People v. Patrick, where in fact it ruled the trial court had an obligation to rule when it is able to prior to trial on the admission of other crimes as impeachment under Montgomery. And indeed, Patrick stated that in most instances the trial court will be able to balance the prejudice of admitting prior convictions versus the probative value prior to trial. So likewise here, the trial court can make these evidentiary rulings and in fact should be encouraged to make evidentiary rulings in advance of trial, and the Taylor rule's emphasis on finality does ensure that the parties have rulings they can rely upon when the trial court is able to make them, and that when there are facts that change that they can be accommodated for, but it has to be a change in facts. Indeed, the question here is not whether the trial court can correct itself with changing facts. We concede that the Taylor rule does allow that. The question here is whether the party seeking to reopen the ruling, and that would apply both to the defendant and to the state, needs to show due diligence in presenting those new facts. The state here claims that it met that due diligence requirement because the defendant did not produce the documents at an earlier date. However, it is the state's burden here as the party invoking the Taylor rule, and they are the ones that need to show due diligence. The record also shows that shortly after the original motion in Limney, defense counsel filed a discovery motion which did seek information related to civil cases about this child support settlement with the complaining witness, that discovery motion was denied. Where defense counsel was denied discovery, the state can hardly blame the defense for not obtaining that at a quicker date. With respect to the state's database argument, they argue that their only obligation is to check a database of named offenders. Well, here, defense counsel in 2004 said that the offender against whom the complaining witness previously filed a complaint was a Cleveland Browns NFL player. That team roster is fairly limited. It would be a simple task for the state to run that handful of names through a database and see if there had been any rape allegations involving one of those football players. We are not talking a vast universe of people. In addition, the state gave further information in its own discovery request, shows you where the information was likely to be located. Indeed, the dissent in the appellate court here accused the state of adopting an ostrich strategy, of burying its head in the sand and hoping that the defense would not be able to locate that impeachment material. If the Taylor rule is not applied, the door is open for parties to sandbag each other and to use ostrich strategies, to not exercise diligence, not go out and find things and then turn around later and claim that somehow everything has changed and they are now impaired when they themselves did not facilitate that discovery process. The state's argument about this ongoing discovery process acts as if they are not an active participant in it. It's passive. It just happens. It only happens when the state has an obligation to make it happen, and the Taylor rule ensures that. The state further claims here that it is unfair because propensity is being used as both a shield and a sword. Here, the impeachment evidence against the complaining witness, defense did not seek that for any substantive purpose of showing propensity. It was sought to be invented only to show motive and bias. Indeed, the trial court in a colloquy stated that were Andre Holmes to take the witness stand, the state would consider a Montgomery, that the court would entertain a Montgomery motion, and if Andre Holmes testifies, he would be in the same position as any of the state's witnesses and might face impeachment. There is no shield and sword here. That again, as the state would file a consent defense, the state here was the one who decided to proceed by means of offer of proof in 2004 when it presented the motion in Limney to admit other crimes evidence. And in its motion, it chose to offer a proof that defense would dispense would file a consent defense. The state cannot turn around later and say that when we proceeded by offers of proof that somehow those offers of proof were not tangible enough later on two years down the road when the proofs came to reality. The state has not shown any facts in this case which contradicted the offers which were made in 2004. Indeed, everything predicted to happen did in fact happen. Finally, with respect to the second argument in our brief about the application of the propensity statute and the common law purposes for the appellate court here misapplied the balancing test. The appellate court stated that the more evidence there was to impeach the complaining witness, the less prejudicial it was to Andre Holmes that other crimes evidence was admitted. Courts time and time again have stated the opposite. It's when the evidence is close that there is a risk that the erroneous admission of other crimes will result in an unfair trial. When the evidence against the defendant is overwhelming, admission of other crimes contains less risk of prejudice. Here, if anything, that impeachment evidence made this case closer and made the risk of admitting that evidence even more prejudicial to Andre Holmes. Finally, the last point the state raised about in applying the proximity factor under the propensity statute. This court in Donahoe did not exclude time that defendants been incarcerated on a prior offense in calculating the span of time between that prior offense and the current charge. Childers did so in the first district appellate court for one of the offenses presented but not the other. There's no explanation of its rationale or why it only applied it partially. I can only presume the rationale is that sexual assault does not happen in prison and that would be a dubious presumption to apply. So unless your honors had any more questions, I would conclude and request that you reverse the appellate court and remand this matter back to trial. Thank you. Thank you, Mr. Counsel. Case number 106934, People of the State of Illinois v. Andre Holmes.